**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>414 EAST KENNEBEC ROAD,<br>MACHIAS, MAINE, with all<br>appurtenances and improvements thereon,<br><br>    Defendant *In Rem*. | No. 1:24-cv- |

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### **NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a), which provide for the forfeiture of real property[1] used to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

### **JURISDICTION AND VENUE**

2. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §§ 1355(a) and (b). Venue is proper in this district: (a) pursuant to 28 U.S.C. §

---

[1] To include "any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements." 21 U.S.C. § 881(a)(7).

1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and (b) pursuant to 28 U.S.C. §§ 1395(b)(1)(B), because the property is located in this district.

## THE DEFENDANT *IN REM*

3.  The defendant *in rem* is real property located at the following Maine address, and is more particularly described in municipal tax records by reference to the map/lot number or parcel ID reflected below and the deed on file at the book/page reflected below at the Washington County Registry of Deeds:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 414 East Kennebec Road | Machias | HBA Properties, LLC | 002/003 | 4870/105 |

4.  The defendant *in rem* property's owner of record is associated with the following individual:

| Owner of Record | Associated Person | Titles | Source |
|---|---|---|---|
| HBA PROPERTIES, LLC | FANNY SUN | MANAGER | Mass. Secretary of State records |

## STATEMENT OF PROBABLE CAUSE

5.  The U.S. Drug Enforcement Administration ("DEA") is investigating the defendant *in rem* real property located at 414 East Kennebec Road, in Machias, for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a) and for the related illegal cultivation of marijuana for distribution in violation of 21 U.S.C. § 841(a)(1). The defendant *in rem* real property has been confirmed by the Maine Office of Cannabis Policy as lacking any licensed status under which marijuana could be

legally cultivated at or on such premises under Maine state law.

      6.      Provided below is a photograph of the defendant *in rem* real property available on a commonly used real estate website,[2] which accurately shows the condition and proportions of the property:



      7.      A warranty deed recorded with the Washington County Register of Deeds shows that on about December 15, 2021, the defendant *in rem* real property was granted to HBA PROPERTIES, LLC, a Massachusetts business entity created on about January 23, 2021. HBA PROPERTIES, LLC bought the property for $245,000, with mortgage financing of $150,000 provided by the seller. Town of Machias Tax Records show HBA PROPERTIES, LLC as the present owner of the defendant *in rem* real

---

[2] *See* https://www.redfin.com/ME/Machias/414-E-Kennebec-Rd-04654/home/100099387.

property.

8. Massachusetts corporate records list the sole Manager of HBA PROPERTIES, LLC as FANNY SUN. The Mortgage recorded with the Washington County Register of Deeds shows that on about December 16, 2021, FANNY SUN signed as Member of HBA PROPERTIES, LLC, executing the Mortgage and Promissory Note. On about December 16, 2021, FANNY SUN signed as Member of HBA PROPERTIES, LLC, a standard form HUD Settlement Statement.

9. In November 2023, the Machias Police Department ("Machias PD") began investigating the defendant *in rem* real property for the suspected illegal cultivation of marijuana. The Machias PD obtained electrical usage and billing data for the defendant *in rem* real property from Versant. The Versant electrical usage and billing data showed activity consistent with large-scale illegal marijuana cultivation,[3] which requires large amounts of electrical power due to the use of artificial lighting, heat pumps, distribution fans, air conditioners and humidifiers.

10. On about November 15, 2023, a Machias PD Officer drove by the defendant *in rem* real property and observed three buildings there. One appeared to be a residence, while the other two buildings were a large barn and a small barn. The Machias PD Officer noticed a large-scale electrical service box on the exterior of the large barn, as well as a separate power supply attached to the residence. He noted the smell of unburnt cannabis in the immediate area of the residence. On December 4,

---

[3] According to the Energy Information Administration, the average U.S. household consumes about 10,500 kilowatthours of electricity per year (https://www.eia.gov/energyexplained/use-of-energy/electricity-use-in-homes.php), or roughly 875 kilowatthours per month. Electrical consumption at the defendant *in rem* real property for August, September and October 2023 showed approximately 10,000 kilowatthours in monthly usage.

2023, the Machias PD Officer spoke with a local electrician who had installed a 400amp service at the residence. The electrician conveyed that he, too, had smelled marijuana there.

11. On December 14, 2023, Machias PD personnel executed a state search warrant at the premises of the defendant *in rem*, with support provided by the FBI, DEA, HSI, MDEA and Washington County Sheriff's Office.

12. Upon entering the premises on December 14, 2023, federal and state investigators discovered a marijuana growing operation at the defendant *in rem* real property.

13. Particular to the large barn and small barn, a large-scale, sophisticated marijuana growing operation was contained. Each of the two buildings had multiple rows of growing marijuana, hydroponically supplied with water and growing chemicals. There were multiple large plastic trash cans filled with water. Nearby there were a variety of chemicals. Multiple hoses were going from the trash cans connecting to a water supply along each row of marijuana, with each plant having its own water supply.

14. In the basement of the residence, marijuana was found drying. The marijuana was hung from the ceiling. There were eleven rows of hanging, drying marijuana.

15. Overall, approximately 2,608 cannabis plants in varying states of growth were located at the defendant *in rem* real property: 1,233 seedlings (plants not flowering under two feet tall), 232 immature vegetative plants (plants not flowering over two feet tall), and 1,142 mature flowering plants (plants that were flowering).

16. Machias PD personnel located and seized at the defendant *in rem* real property items indicating FANNY SUN's recent use, operation, maintenance and control of such premises. For example, a prescription medication bottle for FANNY SUN was found. A May 2023 receipt for fertilizers commonly used to grow marijuana was found showing FANNY SUN's name. An undated $9,363.17 invoice from GroHydro Supply with the name "Fanny" was also located, showing various items purchased for marijuana cultivation. Further federal law enforcement investigation revealed that an SUV registered to FANNY SUN in New York State traveled to and from the direction of Machias in coastal Maine in both November and December 2023.

17. Therefore, HBA PROPERTIES, LLC, FANNY SUN, and others operated an illegal marijuana grow at and within the defendant *in rem* property located at 414 East Kennebec Road, in Machias. The defendant *in rem* property was knowingly opened, leased, rented, used and maintained for the purpose of manufacturing and distributing marijuana. FANNY SUN further managed and controlled the defendant *in rem* property as an owner and knowingly and intentionally rented, leased, profited from and made available for use the place for the purpose of unlawfully manufacturing, storing, and distributing marijuana.

## BASIS FOR FORFEITURE

18. 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

19. 28 U.S.C. § 2461, which allows for the civil forfeiture of forfeitable property.

## **CONCLUSION**

20. The United States does not request authority from the Court to seize the defendant *in rem* at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

    a. Post notice of this action and a copy of the Complaint on the defendant *in rem* property;

    b. Serve notice of this action on the defendant *in rem* property's owner, and any other person or entity who may claim an interest in the defendant *in rem* property, along with a copy of this Complaint;

    c. Seek issuance by the Court and execution of a writ of entry for the purpose of conducting an inspection and inventory of the defendant *in rem* property, as permitted by 18 U.S.C. §§ 985(b)(2) and 983(j)(1); and

    d. File a *lis pendens* in county records of the defendant *in rem* property's status as a defendant in this *in rem* action, as permitted by 18 U.S.C. § 985(b)(2).

WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendant *in rem* property is forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 and requests:

    a. That the Court decree that the forfeiture of the defendant *in rem* property to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 is confirmed, enforced, and ordered;

    b. That the Court thereafter order that the United States Marshal, or

his delegate or designee, dispose of the defendant *in rem* property as provided by law; and

   c.  That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Bangor, Maine this 9th day of May, 2024.

                 Respectfully submitted,

                 DARCIE N. MCELWEE
                 United States Attorney

                 /s/ ANDREW K. LIZOTTE
                 Andrew K. Lizotte
                 Assistant U.S. Attorney
                 United States Attorney's Office
                 202 Harlow Street
                 Bangor, Maine 04401
                 (207) 262-4636
                 Andrew.Lizotte@usdoj.gov

## VERIFICATION

Jonathan Richards, being duly sworn, deposes and says that I am a Task Force Officer with the U.S. Drug Enforcement Administration and as such have responsibility for the within action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Title 21 of the United States Code.

/s/ Jonathan Richards
Jonathan Richards
Task Force Officer
U.S. Drug Enforcement Administration

STATE OF MAINE
Penobscot, ss.

Subscribed and sworn to before me this 9th day of April, 2024.

/s/ Tamara T. Redmond
Notary Public
My commission expires: 09/16/2025

Tamara T. Redmond
Notary Public, State of Maine
My Commission Expires September 16, 2025