UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| ) | |
| 414 EAST KENNEBEC ROAD, ) | |
| MACHIAS, MAINE ) | |
| ) | |
| Defendant. ) | |

**CLAIMANTS FANNY SUN AND HBA PROPERTIES, LLC'S MOTION TO STAY THE SIGNING OF THE DECREE OF FORFEITURE AND TO SET A DEADLINE FOR CLAIMANTS TO FILE THEIR MOTION TO VACATE**

NOW COME the Claimants, Fanny Sun and HBA Properties, LLC, by and through Undersigned Counsel, and hereby move this Honorable Court to enter an Order staying the signing of the Decree of Forfeiture and to set a 21 day deadline for Claimants to file their Motion to Vacate. In support of this Motion, Claimants Fanny Sun and HBA Properties, LLC represent as follows.

**MEMORANDUM OF LAW**

**I.      PROCEDURAL BACKGROUND**

On May 9, 2024, the United States of America (the Government) filed a civil action *in rem* in this court by virtue of a verified complaint, demanding forfeiture of the real property located at 414 East Kennebec Road, Machias, Maine (the Property) and its appurtenances and improvements pursuant to 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a) and in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure. (ECF No. 1).

1

The Complaint alleged that the owner of record of the Property is HBA Properties, LLC (hereinafter "Claimant HBA") and that Fanny Sun (hereinafter "Claimant Sun") (Claimant Sun and Claimant HBA collectively referred to as "Claimants") is the manager of Claimant HBA.  *Id*. ¶¶ 3-4, 7-8.

On June 7, 2024, the Government served Claimant Sun with the *Notice of Forfeiture*, the *Verified Complaint for Forfeiture in Rem*, and the *Lis Pendens*, receipt of which she formally acknowledged on June 26, 2024.  (ECF No. 9).

On July 11, 2024, Claimant Sun, acting *pro se,* filed a claim in connection with the forfeiture.  (ECF No. 8).  In her claim, Claimant Sun represented that HBA leased the Property to tenant Bohua Yang, that Claimant Sun merely visited the Property once a month to collect rent from her tenant, that she disclaimed any knowledge of the marijuana grow operation, that her last visit to the Property was on December 6, 2023, and that she had not seen or spoken to Mr. Yang since this visit.  *Id*, at ¶ 4-9.

On September 9, 2024, the Government filed an *Affidavit Regarding Notice to Potential Claimants* (ECF No. 13) and a *Request* to the Clerk of Court to enter a default against 414 East Kennebec Road, Machias, Maine as defendant *in rem*. (ECF No. 12).

On the same day, the Deputy Clerk entered the default as requested, noting that no answer or responsive pleading had been filed.  (ECF No. 14).

On October 3, 2024, the Government then filed a *Motion for Default Decree of Forfeiture*. (ECF No. 16).

On October 15, 2024, Claimant Sun, as Owner and Manager of HBA, filed a *pro se Answer* to the *Forfeiture Complaint*.  (ECF No. 17). In her answer, Claimant Sun

admitted that HBA owns the Property and that she serves as manager of that limited liability company, reiterated her denials of any knowledge or involvement in the marijuana grow and distribution operation, asserted her status as a pro se claimant, and requested a thirty-day adjournment of the case so that she "can retain a local Maine attorney who is licensed in Federal Court to assist [her] in this matter," noting that she "ha[s] tried to find an attorney, but it has been very difficult." *Id*. ¶¶ 1-20, and page 4.

On October 18, 2024, this Court issued a *Preliminary Order* on the *Government's Motion for Forfeiture Judgment* (ECF No. 18). In the *Preliminary Order*, the Court informed the parties it would hold the Government's motion for default decree of forfeiture in abeyance and asked the parties to submit supplementary briefing related to certain unresolved issues, specifically: (1) whether Claimant Sun's *Claim* and *Answer* are sufficient to prevent default judgment; (2) whether Claimant Sun's *Claim* and *Answer* amount to an assertion of the Innocent Owner Defense pursuant to 18 U.S.C. § 983(d)(1); (3) whether Ms. Manna Pan is entitled to the Innocent Owner Defense herself with regard to a default judgment against her mortgagee's interest in the property; and (4) whether Claimant Sun's *pro se Claim* and *Answer* on behalf of HBA may be considered by the Court in light of First Circuit caselaw and Maine statutes governing *pro se* representation. *Id*, at 6-21.

On November 12, 2024, the Government responded to the *Preliminary Order*, addressing the Court's areas of concern. (ECF No. 19). Neither Claimant Sun, nor anyone else purporting to represent Claimant HBA, has submitted any filings in response to the Court's *Preliminary Order*.

On December 11, 2024, this Court granted the Government's *Motion for Default* (ECF No. 16) subject to the issuance of a final decree of forfeiture.  In granting the *Motion*, this Court directed the Government to propose a revised decree of forfeiture, or inform the Court that the previous proposed decree is still acceptable.  This Court set a deadline of December 18, 2024 for the Government to respond.

On December 17, 2024, pursuant to this Court's request, the Government filed a revised *Decree of Forfeiture* (ECF No. 21-1).

On December 18, 2024, Attorney Stephen M. Sweatt filed a *Notice of Appearance of Local Counsel* on behalf of Claimants (ECF No. 22).

The same day, Attorney Sweatt filed a *Certification for Admission of Pro Hac Vice* (ECF No. 23) requesting permission for New York Attorney Kenneth Ho to be admitted as *pro hac vice* in this matter.

The same day, the *Certification for Admission Pro Hac Vice* was approved by this Court (ECF No. 24).

As of this date, this Court has not yet signed the Government's proposed *Decree of Forfeiture* (ECF No. 21-1).

## II.    CLAIMANTS' SEARCH FOR AN ATTORNEY

Claimants did not sleep on their rights to contest the forfeiture by dragging their feet regarding obtaining a lawyer to represent them in this matter.  Claimants acted as quickly as possible given the hurdles that Claimant Sun faces.  The biggest hurdles in Claimant Sun's search were her limited English capabilities and the availability of the potential attorneys to agree to take on a case of this nature.

**A.    Claimant Sun Needed to Find an Attorney who Speaks Mandarin Chinese**

The language barrier that Claimant Sun had to overcome is not small and cannot be overstated.  Claimant Sun speaks Mandarin Chinese.  However, just because Claimant Sun speaks Mandarin, does not mean that she can communicate with other persons who speak a different Chinese dialect.  That is to say that it is not comparable, for example, with Spanish, French, and even Italian speakers.

The Chinese language is part of the Sino-Tibetan family of languages.  *See* Barbara Hong Li, Lost in Interpretation: China Stories from a China Insider (2021), at 55. The Chinese language has seven major dialects, which get more complicated and contain sub-dialects: (1) Northern Dialect (whose phonology Mandarin is based on); (2) Wu Dialect (Wu Dialect contains sub-dialects Shanghainese, Suzhou, and Hangzhou); (3) Xiang Dialect (Hunan); (4) Gan Dialect (Jiangxi); (5) Hakka Dialect; (6) Yue Dialect (formerly known as Cantonese, Yue Dialect contains sub-dialects Chaozhou and Taishanese, and so forth); and (7) Min Dialect (Min dialect contains sub-dialects Fujianese, Fuzhou, Minnan, Hokkien, and so forth).  *Id*.  Mandarin, (Pǔtōnghuà), meaning "common language" itself is only a dialect.  *Id*, at 56.  Mandarin is the only official and working language in mainland China, used in schools, businesses, kindergartens, media, and so forth., but at home, people speak their own dialect.  *Id*.

Claimant Sun needed to overcome the great language barrier to find an attorney that could effectively communicate with her.  Claimant Sun needed an attorney that speaks Mandarin.  Given the many different Chinese dialects and sub-dialects, it was not

an easy task.

**B.    Claimant Sun's Attorney Search and Previous Filings**

On July 11, 2024, Claimant Sun filed her *Claim* (ECF No. 8) and indicated that she was "not currently represented by a lawyer in this matter. . . ." *Id*, at 1. Claimant Sun submitted her *Claim* to the Court's MaineECFIntake@med.uscourts.gov inbox *via* an email sent from Attorney Gavin Choi. (ECF No. 19). Attorney Choi is a registered member of the New York State bar, with a law practice in New York City. *Id*, at 2.

On October 15, 2024, when Claimant Sun filed her *Answer*, she indicated in her cover letter that she was a *pro se* Claimant. (ECF No. 17). Claimant Sun's Answer was submitted via a FedEx mailing originating from the "Law Office of James Costo." (ECF No. 17-1). Attorney Costo is a registered member of the New York State bar, with a law practice in New York City. (ECF No. 19).

Neither Attorney Choi nor Attorney Costo are licensed in the U.S. District Court of Maine. Neither Attorneys have filed a Notice of Appearance in this matter. Attorneys Choi and Costo have not made any indication that they represent Claimants in this matter. Attorneys Choi and Costo merely served as a vehicle for Claimants to effectively communicate with this Court.

In Claimant Sun's *Answer* (ECF No. 17), she stated she has been having trouble finding an attorney and requested a 30-day adjournment of the case. Attached and incorporated in this Motion is Fanny Sun's *Affidavit* which further details her struggles.

Between October 18 and December 6, 2024, Claimants diligently searched for a Maine and New York attorney that could effectively communicate with her, overcoming

the language barrier.

After a diligent search, on December 6, 2024, Attorney Ho was hired by Claimants. *Fanny Sun Affidavit*, ¶ 21. Attorney Ho is a licensed New York attorney and member of the New York U.S. District Courts. Attorney Ho is not licensed to practice law in the State of Maine or the U.S. District Court of Maine.

As soon as Attorney Ho was hired, his firm immediately searched for local counsel in the State of Maine, including the area near Bangor.

Until December 17, 2024, Attorney Ho was unsuccessful until Attorney Stephen M. Sweatt, whose office is located in Portland, agreed to serve as local counsel. Attorney Ho promptly hired Attorney Sweatt, who then promptly applied for *pro hac vice* certification. Counsels for Claimants need more time to mount a proper defense.

## III.    LEGAL STANDARD

Stays of proceedings "cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992). In evaluating whether to issue a stay on the proceedings, "a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). Claimants have satisfied the burden of demonstrating that a very short stay is appropriate.

### 1.    Potential Prejudice to the Government and Ms. Manna Pan

This is the first request for relief in this matter filed by any party.

A stay of the signing of the Decree of Forfeiture would not prejudice the Government. A Writ of Entry (ECF No. 7) has already been granted which allows the Government to enter the Property, conduct an inventory and inspection, and appraise the Property. Notably, it is unclear from the court's record if the Government has actually acted on the Writ. If the Government has not acted on the Writ, this should be a factor that leans in favor of a lack of prejudice to the Government given that they have been sitting on this Writ since July 3, 2024, with no apparent immediate need to effect it.

Further, the Government has been aware as early as June 26 and July 11, 2024 that Claimant Sun and Claimant HBA intend to contest the seizure of the property (ECF Nos. 9 and 10).

Lastly, there can certainly be no prejudice to Ms. Manna Pan, the holder of the mortgage on the real property, for this Court to grant a short stay.

**2.    Hardship and Inequity to Claimants Without the Stay**

Claimants would be subjected to significant hardship and inequity without the stay. Claimant Sun has searched diligently for an attorney to represent Claimants in this matter, overcoming the significant language barrier Claimant Sun faces. Claimants just now have proper representation in this matter and are able to litigate this case on equal footing as the Government.

Without a stay, if this Court signs the Decree on Forfeiture, Claimants would suffer a significant loss of real estate that was purchased with a value of $245,000 (excluding the balance of the mortgage).[1]

---

[1] The Verified Complaint (ECF No. 1) states that the property was purchased on January 24, 2021, for $245,000.

Albeit late, Claimants have done all that they could to properly appear in this matter.  They diligently sought local counsel and made their requests at the first opportunity.  Claimants represent that they have shown good cause for not timely meeting the obligations required by this Court.

In the interests of justice, this Court should allow the Claimants the ability to try to establish their legitimate interest in the property.

### 3.    Claimants' Requested Stay Serves the Interests of Judicial Economy

The requested stay would serve the interests of judicial economy, which interests include "the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.

Claimant intends to file a Motion to Vacate this Court's Order on Motion for Default.  Claimants are not asking for a lengthy stay, just a short 21 day stay for Claimants to mount a proper defense and file a meritorious *Motion to Vacate*.

If Claimants' Motion to Vacate is granted, they will file an Answer and respond to this Court's questions set forth in its Preliminary Order (ECF No. 18).

Further, at this procedural juncture, the parties and the Court have expended few resources in prosecuting the case: this case has only been pending for seven months and there have been no court appearances.  Logic dictates that the Court's interest in preserving judicial and party resources should be more prominent when little if any resources have been expended.  A stay would not result in an unnecessary delay in the case.

## IV.    REQUEST FOR RELIEF

Claimants respectfully request that this Court issue the following relief:

1.    Stay the signing of the Decree of Forfeiture until after the Claimants' *Motion to Vacate* has been properly litigated.

2.    Set a 21 day deadline for Claimants to file a Motion to Vacate.

WHEREFORE, for all the above reasons, the Claimants move for a stay of the signing of the Decree of Forfeiture and set deadlines described herein.

Dated this 23rd day of December, 2024 in Portland, Maine.

Respectfully Submitted,

/s/ Stephen M. Sweatt
Local Counsel for Fanny Sun and HBA
Properties, LLC
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Ste 3A
Portland, ME 04103
*stephen@zerillolaw.com*

/s/ Kenneth Ho
Pro Hac Vice Counsel for Fanny Sun and HBA
Properties, LLC
KKMH Associates
133-51 37th Ave
Flushing NY 11354
*kenkhoattorney@yahoo.com*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| | ) | |
| 414 EAST KENNEBEC ROAD, | ) | |
| MACHIAS, MAINE | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Kenneth Ho, Pro Hac Vice for Claimants Fanny Sun and HBA Properties, LLC, hereby certify that I have caused the above Motion to Stay the Signing of the Decree of Forfeiture and to Set a Deadline for Claimants to File their Motion to Vacate to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, including the Government Attorney designated under Rule G(4)(a)(ii)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated this 23rd day of December, 2024 in Portland, Maine.

Respectfully Submitted,

/s/ Kenneth Ho
Pro Hac Vice Counsel for Fanny Sun and HBA
Properties, LLC
KKMH Associates
133-51 37th Ave
Flushing NY 11354
*kenkhoattorney@yahoo.com*

11