UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| | ) | |
| 414 EAST KENNEBEC ROAD, | ) | |
| MACHIAS, MAINE | ) | |
| | ) | |
| Defendant. | ) | |

**CLAIMANTS' REPLY TO GOVERNMENT'S OPPOSITION TO CLAIMANTS'
MOTION TO STAY THE SIGNING OF THE DECREE OF FORFEITURE AND
TO SET A DEADLINE FOR CLAIMANTS TO FILE THEIR MOTION TO
VACATE**

NOW COME the Claimants, Fanny Sun and HBA Properties, LLC, by and through Undersigned Counsel, and hereby file their Reply to the Government's Opposition to Claimants Motion to Stay as set forth in the below Memorandum of Law.

**REPLY MEMORANDUM**

In the Government's Response in Opposition Claimants' Motion to Stay (ECF No. 28) (hereinafter "Response"), the Government posits that, in sum, Claimants' Motion to Stay should be denied because they have purposefully delayed the proceedings in this case, their actions are untimely, the Government has been prejudiced, and Claimants' requests do "nothing to further the interests of judicial economy." However, as will be shown below, the Government's arguments are misguided at best.

First, Claimant Sun's difficulties in finding an attorney cannot be overstated. Not only did she have a large language barrier to hurdle, but she also needed to find an

1

attorney that practices Federal civil law in the Bangor, Maine area and that would agree to take on the case, while at the same time residing in New York.  The hurdle for Claimant Sun is much higher than just hiring an interpreter.  In all of Claimant Sun's filings with this Court, she has kept this Court apprised of her intention to defend against the Government's *in rem* forfeiture and indicated that she had been searching for an attorney to represent her in this matter, but has been experiencing difficulties.

Second, the Government alleges that Claimants exhibited "continued tactics of delay" and were "dilatorious."  However, the Government cannot point to one "tactic of delay" because none exist.  After all, what motivations would Claimants have to delay the proceedings?  The answer is none.  Claimants' goal is to protect 414 East Kennebec Road, Machias, Maine (hereinafter "the property") from Government intrusion and the only way to accomplish that is to defend against the *in rem* forfeiture.  Claimant Sun has filed a Claim in connection with the property (ECF No. 8) and an Answer (ECF No. 17).  In both, Claimant Sun asserted her intention to defend the Government's *in rem* forfeiture.

Third, the Government alleges that Claimant's actions were untimely.  Only a mere six months have transpired since Claimants were served with the Verified Complaint for Forfeiture in Rem (ECF No. 9) and when they filed the Motion to Stay (ECF No. 26).

Fourth, while the Government complains in their Response about how the Claimants' requested stay results in the property being susceptible to damage and diminishment, the Government forgets that, by requesting a short stay, the Claimants also

face that risk.  As of this date, this Court has not yet signed the Government's proposed

Decree of Forfeiture (ECF No. 21-1).  Thus, the property is still owned by Claimants, not

the Government.

Fifth, Claimants have shown that hardship and inequity would result if this Court

signed the Decree of Forfeiture (ECF No. 21-1).  In their Motion to Stay, Claimants

argued the hardship they would face (loss of real estate with a purchase value of

$245,000) and inequity (describing Claimants' inability to find an attorney until the very

last minute).

Sixth, Claimants are not asking for a significant amount of time in their Motion to

Stay.  Claimants are merely asking for a 21 day deadline to file a Motion to Vacate.  Of

course, that will allow the Government to file an Opposition, which will add additional

time, but not much.  Claimants are not asking for six months or more, just a mere 21

days.  Motions to Stay have been granted in other cases that have come before this Court

that requested more time than Claimants are requesting: *Securities and Exchange*

*Commission v. Liberty*, No. 2:18-cv-00139-JDL, 2020 WL 4677292, at *1 (D. Me.

August 12, 2020) (granting a 90 day stay); and *Bar Harbor Bank & Trust v. Hanover*

*Insurance Group, Inc.*, No. 1:21-cv-00201-LEW, 2022 WL 2410256, at *1 (D. Me.

January 12, 2022) (granting a 90 day stay).

Lastly, the Government appears to be moving at break-neck speed and looking too

far ahead in the proceedings because, according to the Government, the Motion to Stay

"contemplat[es] filing an Answer and beginning a defense of the matter starting at square

one."  Claimants' Motion to Stay simply requests a brief stay on the signing of the

Government's proposed Decree of Forfeiture (ECF No. 21-1) to allow them to file a Motion to Vacate the Decree.

Claimants, as the proponents of the stay, have met their burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 706, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Court grant this Motion.

Dated this 28th day of January, 2025 in Portland, Maine.

Respectfully Submitted,

/s/ Stephen M. Sweatt
Local Counsel for Fanny Sun and HBA
Properties, LLC
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Ste 3A
Portland, ME 04103
*stephen@zerillolaw.com*

/s/ Kenneth Ho
Pro Hac Vice Counsel for Fanny Sun and HBA
Properties, LLC
KKMH Associates
133-51 37th Ave
Flushing NY 11354
*kenkhoattorney@yahoo.com*

4

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| | ) | |
| 414 EAST KENNEBEC ROAD, | ) | |
| MACHIAS, MAINE | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Stephen M. Sweatt, Local Counsel for Claimants Fanny Sun and HBA Properties, LLC, hereby certify that I have caused the above Reply to Government's Opposition to Claimants' Motion to Stay the Signing of the Decree of Forfeiture and to Set a Deadline for Claimants to File their Motion to Vacate to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, including the Government Attorney designated under Rule G(4)(a)(ii)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated this 28th day of January, 2025 in Portland, Maine.

Respectfully Submitted,

/s/ Stephen M. Sweatt
Local Counsel for Fanny Sun and HBA
Properties, LLC
Zerillo Law Firm, LLC
1250 Forest Ave, Suite 3A
Portland, Maine 04103
*stephen@zerillolaw.com*