UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| | ) | |
| 414 EAST KENNEBEC ROAD, | ) | |
| MACHIAS, MAINE | ) | |
| | ) | |
| Defendant. | ) | |

**CLAIMANT HBA PROPERTIES LLC.'S MOTION TO INTERVENE AS AN
INTERVENOR-DEFENDANT PURSUANT TO FED. R. CIV. P. 24**

NOW COMES Claimant HBA Properties, LLC. (hereinafter "Claimant HBA or HBA"),
by and through Undersigned Counsels, and respectfully moves to intervene as an
intervenor-defendant. In support thereof, Claimant HBA submits the following Memorandum of
Law:

**INTRODUCTION**

Under Article III of the United States Constitution (hereinafter "Article III"), a critical
ingredient for standing is that a party has a concrete stake in the outcome of a dispute that is
otherwise fit for resolution by the courts. *Valley Forge Christian College v. Americans United
for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).

There is no doubt that Claimant HBA Properties, LLC (hereinafter "Claimant HBA") has
standing in this matter given their financial interest from its ownership of 414 East Kennebec
Road, Machias, Maine (hereinafter "Property"). As has been repeated in this litigation, Claimant
HBA is listed as the registered owner of the property in the Washington County Registry of
Deeds. (ECF No. 1).

Further, the fact that Fanny Sun (hereinafter "Claimant Sun") is the "associated person"

1

related to Claimant HBA is also not contested.  *Id*.  Thus, Claimant HBA clearly has standing to bring this *Motion*.

As the accompanying memorandum sets forth in greater detail, Fed. R. Civ. P. 24(a)(2) authorizes Claimant HBA to intervene as a matter of right in the above-captioned action.  Should this Court determine that Claimant HBA does not have a right to intervene, Claimant HBA should be permitted to intervene as an intervenor-defendant pursuant to Fed. R. Civ. P. 24(b)(1)(B).

## PROCEDURAL BACKGROUND

On May 9, 2024, the United States of America (hereinafter "the Government") filed a civil action *in rem* in this court by virtue of a verified complaint, demanding forfeiture of the Property and its appurtenances and improvements pursuant to 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a) and in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.  (ECF No. 1).

On June 7, 2024, the Government served Claimant Sun with the Notice of Forfeiture, the Verified Complaint for Forfeiture in Rem, and the Lis Pendens, receipt of which she formally acknowledged on June 26, 2024.  (ECF No. 9).

On June 26, 2024, the Government served Voong Singh-Phat (hereinafter "Mr. Singh-Phat") with the Notice of Forfeiture, the Verified Complaint for Forfeiture in Rem, and the Lis Pendens, who accepted service on behalf of Claimant HBA, acknowledgement of which was filed on August 9, 2024.  (ECF No. 10).  As part of that acknowledgment, Mr. Singh-Phat stated that Claimant HBA has not been able to retain legal counsel who would accept the case.  *Id*.  Mr. Singh-Phat continued that he was actively searching for an attorney who would accept the case and stated that Claimant HBA does not forfeit or surrender its interest in the Property.  *Id*.

On July 11, 2024, Claimant Sun, acting *pro se*, filed a claim in connection with the forfeiture. (ECF No. 8). In her Claim, Claimant Sun represented that Claimant HBA is a Massachusetts business, is listed as owner of record of the Property, and that she was (and still is) identified as the Manager of Claimant HBA by the Massachusetts Secretary of State. *Id*.

On October 15, 2024, Claimant Sun, as Owner and Manager of Claimant HBA, filed a *pro se* Answer to the Forfeiture Complaint. (ECF No. 17). In her Answer, Claimant Sun: (1) again stated that Claimant HBA owns the Property; (2) that she serves as manager of that limited liability company; (3) reiterated her denials of any knowledge or involvement in the marijuana growing and distribution operation; (4) asserted her status as a *pro se* claimant, and (5) requested a thirty-day adjournment of the case so that she "can retain a local Maine attorney who is licensed in Federal Court to assist [her] in this matter," noting that she "ha[s] tried to find an attorney, but it has been very difficult." *Id*.

On October 18, 2024, this Court issued a Preliminary Order on the Government's Motion for Forfeiture Judgment. (ECF No. 18). In the Preliminary Order, the Court informed the parties that it would hold the Government's motion for issuance of a default decree of forfeiture in abeyance and requested that the parties submit supplementary briefing related to certain unresolved issues. *Id*. One issue this Court asked the parties to brief was whether Claimant Sun's *pro se* Claim and Answer on behalf of Claimant HBA may be considered by the Court in light of First Circuit caselaw and Maine statutes governing *pro se* representation. *Id*.

On November 12, 2024, the Government responded to the Preliminary Order, addressing the Court's areas of concern. (ECF No. 19). Neither Claimant Sun, nor anyone else purporting to represent Claimant HBA, has submitted any filings in response to the Court's Preliminary Order.

On December 11, 2024, this Court granted the Government's Motion for Default (ECF No. 16) subject to the issuance of a final decree of forfeiture. (ECF No. 20). In granting the Government's Motion, this Court directed the Government to propose a revised decree of forfeiture, or inform the Court that the previous proposed decree is still acceptable. *Id*. Additionally, this Court rejected Claimant Sun's previous Claim on behalf of Claimant HBA, finding that First Circuit caselaw prohibits *pro se* representation of limited liability companies. *Id*.

As of this date, Claimant HBA has not filed a Notice of Claim, nor has it filed an Answer to the Government's Verified Complaint. The deadline for HBA to file a Notice of Claim and/or Answer has passed. Thus, Claimant HBA's only remedy to protect its interest in the subject Property is to move to intervene pursuant to Fed. R. Civ. P. 24.

## MEMORANDUM OF LAW

## I.    MOTION TO INTERVENE PURSUANT TO FED. CIV. P. 24(A)(2)

### A.    Fed. R. Civ. P. 24(a)(2)

Rule 24(a)(2) provides that, upon a timely motion, this Court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2).

"[A] would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest." *Ungar v. Arafat*, 634 F.3d 46, 50

(1st Cir. 2011).

As previously described, there is no doubt that Claimant HBA claims an interest relating to the property and that disposing of the property will impair and impede Claimant HBA's ability to protect its interest. Claimant HBA has a real stake in the outcome of the matter before the Court, as it stands to lose its rights as owner and principal of the owner. In its Order on Motion for Decree of Forfeiture, this Court correctly pointed out that it cannot consider the *pro se* submissions of Claimant Sun as appearances by Claimant HBA because First Circuit caselaw prohibits *pro se* representation of limited liability companies. (ECF No. 20). As a result, Claimant HBA's interests in the Property cannot be adequately represented by Claimant Sun.

Thus, prongs (ii), (iii), and (iv), of *Ungar* are satisfied, and the remaining question for this Court is whether this Motion to Intervene is timely. *Ungar*, 634 F.3d at 50. As described below, this Court should find that Claimant HBA's Motion to Intervene is timely.

### B.     Claimant HBA's Motion to Intervene is Timely.

"[T]imeliness stands as a sentinel at the gates whenever intervention is requested and opposed." *Banco Popular de P.R. v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir. 1992). "As a general matter, the case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009).

"There is no bright-line rule delineating when a motion to intervene is or is not timely". *Greenblatt*, 964 F.2d at 1230. "The timeliness inquiry is inherently fact-sensitive and depends on

the totality of the circumstances." *R & G Mortg. Corp.*, 584 F.3d at 7. "The timeliness requirement is often applied less strictly with respect to intervention as of right." *Id*, at 8. (*citing Navieros Inter–Americanos, S.A. v. M/V Vasilia Express*, 120 F.3d 304, 320 (1st Cir.1997)).

> i.    *Length of Time Claimant HBA Knew that its Interests were at Risk*

Claimant HBA learned that its interests in the Property were at risk as early as June 7, 2024, when Claimant Sun was served with the Notice of Forfeiture, the Verified Complaint for Forfeiture in Rem, and the Lis Pendens, receipt of which she formally acknowledged on June 26, 2024. (ECF No. 6). As described in Claimants Motion to Stay (ECF No. 26), Claimant Sun is the manager of HBA. As a result, just a little more than seven months have passed since HBA learned that its interests in the Property were at risk. This Court should find that seven months is not a lot of time in this matter, given that the Manager of Claimant HBA had diligently attempted to obtain local counsel (ECF 26.1).

Further, it was not clear from the Court's perspective as to whether Claimant Sun's previous Claim on behalf of Claimant HBA was sufficient until it was plainly rejected by this Court in the December 11th Order on Motion for Decree of Forfeiture. (ECF No. 20). Therefore, an argument can be made that Claimant HBA learned that its interests were at risk on December 11th when this Court rejected Claimant Sun's previous claim.

While the length of time between when a putative intervenor knew that its interests were at risk and when it filed a motion to intervene is one of the four factors this Court should consider when pondering this Motion, other Districts have granted a motion to intervene when a longer period of time was present: *see In re Lease Oil Antitrust Litigation*, 570 F.3d 244 (5th Cir. 2009) (nearly two year passage of time); *see also Georgia v. U.S. Army Corps of Eng'rs,*, 302 F.3d 1242, 1259 (11th Cir. 2002) (six month passage of time); *see also McDonald v. E. J. Lavino*

*Co.*, 430 F.2d 1065, 1066-1067 (5th Cir. 1970) (more than two year passage of time); *see also Chiles v. Thornburgh*, 865 F.2d 1197,1213 (11th Cir 1989) (seven month passage of time); and *see also Lalic v. Chicago, Burlington & Quincy Railroad Co.*, N.D.Ill.1967, 263 F.Supp. 987 (Feb. 20, 1967) (intervention granted after the parties settled).

### ii.    *Prejudice to Existing Parties*

There would certainly be no prejudice to Claimant Sun as her interests are aligned with Claimant HBA's, to wit: the protection of the Property from Government intrusion.

For a couple of reasons, there would be no prejudice to the Government either. As of this date, this Court has already issued an Order on Motion for Decree of Forfeiture (ECF No. 20) and has received the Government's proposed Decree of Forfeiture (ECF No. 21-1). The only motion pending before this Court is Claimant Sun and Claimant HBA's Motion to Stay the Signing of the Decree of Forfeiture (ECF No. 26). This Motion to Intervene by itself does not serve to upend this Court's Order on Motion for Decree of Forfeiture (ECF No. 20). Rather, this Motion merely serves as a way for Claimant HBA to get their foot in the door of this litigation. Further, very little court proceedings have occurred. No hearings have been conducted in this case. Brief discovery from the Government has been served, but no actual discovery has been exchanged. If this Court grants this Motion to Intervene, it will not change the procedural posture of the case.

Lastly, this Motion should come as no surprise to the Government. Since May 9, 2024, the Government has known that Claimant HBA has an interest in the property (ECF No. 1) and since June 26, 2024 knew that Claimant HBA intended on protecting its interests (ECF No. 10).

### iii.    *Prejudice to* Claimant *HBA Should Intervention be Denied*

If this Motion to Intervene was denied, it would be devastating to Claimant HBA and it

would be significantly prejudiced. It would lose the Property (which was purchased for $235,000), without the opportunity to be able to properly assert its rights to defend the *in rem* Property action. Claimant HBA would have no other remedy to protect their interests in the Property.

Further, Claimant HBA would not be able to appeal against any Orders issued by this Court because it is not a party in this case. "As a general rule, only parties to a civil action are permitted to appeal from a final judgment." *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 39 (1st Cir. 2000). Further, "the Supreme Court, in its most recent pronouncement on the subject, has described this rule as 'well settled.'" *Id.*

Should this Motion be denied, Claimant HBA would lose its rights to defend the Property as well as any potential appellate rights.

    *iv.*    *Special Circumstances Militating for Intervention*

As described in Claimants Motion to Stay Time for Signing the Decree of Forfeiture (ECF No. 26), Claimant Sun acted as quickly as possible to find an attorney. Claimant Sun's difficulties in finding an attorney cannot be overstated. Not only did she have a large language barrier to hurdle, but she also needed to find an attorney that practices Federal civil law in the Bangor, Maine area that would agree to take on the case, while she, at the same time resided in New York. The hurdle for Claimant Sun is much higher than simply hiring an interpreter. In all of Claimant Sun's filings with this Court, she has kept this Court apprised of her and Claimant HBA's intention to defend against the Government's *in rem* forfeiture and indicated that she had been searching for an attorney to represent her in this matter, but has been experiencing difficulties.

## II.    MOTION TO INTERVENE PURSUANT TO F.R.CIV.P. 24(B)(1)(B)

If this Court decides that Claimant HBA cannot intervene as of right, this Court should find that Claimant HBA can permissively intervene pursuant to 24(b)(1)(b).

Rule 24(b)(1)(b) provides that, upon a timely motion, this Court may permit anyone that has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(b).  In exercising its discretion, this Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(3).

Courts have broad discretion in deciding whether to permit intervention under Rule 24(b).  *Maxum Indemnity Co. v. Thermax, Inc.*, Civil Action No. 19-10583-NMG, 2020 WL 9743896, at * 12 (D. Mass. January 7, 2020).

In determining whether to allow a third party to permissively intervene, courts consider "whether the putative intervenor's interest is adequately represented by an existing party." *KG Urban Enters., LLC v. Patrick*, 293 F.R.D. 42, 49 (D. Mass. 2013). Courts may also "consider 'almost any factor rationally relevant' to the motion." *Commonwealth of Mass. v. United States Dep't of Health and Human Servs.*, 289 F. Supp. 3d 259, 265 (D. Mass. 2018) (*quoting Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999)). Those factors include: "the nature and extent of the intervenor's interest . . . whether the applicant will benefit by the intervention . . . and whether the intervention will significantly contribute to the full development of the factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *Trs. of Bos. Univ. v. Vyrian, Inc.*, Civil Action No. 13-11963-PBS, 2013 WL 12129604, at *3 (D. Mass. Oct. 29, 2013).

As described above, Claimant HBA's interest is in the Property, no existing parties will face any prejudice if this Motion is granted, Claimant HBA's interests cannot be adequately

represented by Claimant Sun, and Claimant HBA will be significantly prejudiced if this Motion is denied.

Further, there is no doubt that Claimant HBA's claims or potential defenses share with the main action a common question of law or fact given that Claimant HBA has a claim in the main subject of this dispute: the Property.

The issue here for the Court to decide is whether this Motion is timely. For the same reasons described above, this Court should find that this Motion to Intervene is timely and should permit Claimant HBA to intervene pursuant to Fed. R. Civ. P. 26(b)(1)(b).

WHEREFORE, the Claimant HBA requests that this Court grant this Motion and allow Claimant HBA to intervene in this matter as intervenors/defendants.

Dated this 7th day of February, 2025 in Portland, Maine.

<div style="margin-left:40%;">

Respectfully Submitted,

/s/ Stephen M. Sweatt
Local Counsel for Fanny Sun and HBA
Properties, LLC
ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Ste 3A
Portland, ME 04103
stephen@zerillolaw.com

/s/ Kenneth Ho
Pro Hac Vice Counsel for Fanny Sun and HBA
Properties, LLC
KKMH Associates
133-51 37th Ave
Flushing NY 11354
kenkhoattorney@yahoo.com

</div>

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| | ) | |
| 414 EAST KENNEBEC ROAD, | ) | |
| MACHIAS, MAINE | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, Stephen M. Sweatt, Local Counsel for Claimants Fanny Sun and HBA Properties, LLC, hereby certify that I have caused the above Claimant HBA Properties, LLC's Motion to Intervene to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record,  including the Government Attorney designated under Rule G(4)(a)(ii)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated this 7th day of February, 2025 in Portland, Maine.

Respectfully Submitted,

/s/ Stephen M. Sweatt
Local Counsel for Fanny Sun and HBA
Properties, LLC
Zerillo Law Firm, LLC
1250 Forest Ave, Suite 3A
Portland, Maine 04103
*stephen@zerillolaw.com*