**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>414 EAST KENNEBEC ROAD, MACHIAS, MAINE, *with all appurtenances and improvements thereon*,<br><br>                       Defendant in Rem. | No. 1:24-cv-00168-JAW |

**RESPONSE IN OPPOSITION
TO MOTION TO INTERVENE AS AN INTERVENOR-DEFENDANT**

The United States, by and through undersigned counsel, opposes "Claimant HBA Properties LLC.'s Motion to Intervene as an Intervenor-Defendant Pursuant to Fed. R. Civ. P. 24." *See* Dkt. #35, Feb. 7, 2025 (the "Motion" or "Mot."). HBA Properties, LLC is not a "claimant," nor can it intervene pursuant to Federal Rule of Civil Procedure 24. "Claimant HBA has not filed a Notice of Claim, nor has it filed an Answer to the Government's Verified Complaint," and the "deadline for HBA to file a Notice of Claim and/or Answer has passed." Mot. at 4. The Federal Rules of Civil Procedure therefore provide no remedy. *Contra* Mot. at 4.

      The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions instead apply to the "forfeiture action[] in rem arising from [the] federal statute" at issue here. ADMIRALTY, MARITIME CLS, SUPP. R. A(1)(B); *see also id.* SUPP. R. A(2) (the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules"). Intervention in this civil forfeiture action is thus limited to "any person claiming an interest in the seized property" who "file[s] a

1

claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A). Supplemental Rule C requires a claimant to file a "verified statement of right or interest." ADMIRALTY, MARITIME CLS, SUPP. R. C(6)(a)(i)-(ii). Courts, in the absence of certain discretionary factors not present here, mandate strict compliance with these rules. *See United States v. $83,686.00*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007) (citing cases). Here, as HBA Properties, LLC acknowledges, it has failed across the board to establish the requisite statutory standing.[1]

WHEREFORE, the Government respectfully requests that the Motion be denied, and that the proposed Final Decree of Forfeiture (Dkt. #21) be entered forthwith.

Dated: February 27, 2025
       Bangor, Maine

Respectfully submitted,

CRAIG M. WOLFF
Acting United States Attorney

 /s/ ANDREW K. LIZOTTE
Andrew K. Lizotte
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 262-4636
Andrew.Lizotte@usdoj.gov

---

[1] To the extent HBA Properties, LLC also seeks to be added to this proceeding as a "defendant," it lacks a legal basis to make that request. A "civil forfeiture is an *in rem* proceeding," meaning that "the property subject to forfeiture is the defendant." *United States v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 40 (1st Cir. 2003).

2

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2025, I caused the foregoing to be electronically filed with Clerk of Court using the CM/ECF system, which sent such notice to any individuals and entities who have entered appearances in this case to date, pursuant to the Court's ECF system.

      CRAIG M. WOLFF
      Acting United States Attorney

      /s/ ANDREW K. LIZOTTE
      Andrew K. Lizotte
      Assistant U.S. Attorney
      United States Attorney's Office
      202 Harlow Street
      Bangor, Maine 04401
      (207) 262-4636
      Andrew.Lizotte@usdoj.gov