UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL NO. 1:24-cv-00168-JAW** |
| ) | |
| 414 EAST KENNEBEC ROAD, ) | |
| MACHIAS, MAINE ) | |
| ) | |
| Defendant. ) | |

**CLAIMANT HBA PROPERTIES LLC'S REPLY TO THE GOVERNMENT'S OPPOSITION TO CLAIMANT'S MOTION TO INTERVENE AS INTERVENOR-DEFENDANT**

NOW COMES Claimant HBA Properties, LLC (hereinafter "Claimant HBA"), by and through Undersigned Counsels, and replies to the Government's "Response In Opposition to Motion to Intervene as an Intervenor-Defendant." (ECF No. 36) (the "Opposition").

The Government argues that Claimant HBA's Motion to Intervene (the "Motion") should be denied because Claimant HBA failed to timely file a Notice of Claim and Answer to the Government's Verified Complaint. (ECF No. 36). The Government points to the Federal Rules of Civil Procedure and the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture and calls for strict adherence to the procedural requirements. (ECF No. 36).

However, the Government admits that certain discretionary factors would allow the Claimant HBA leniency for filing an untimely Notice of Claim and for intervening. In their Opposition, the Government cites *United States v. $83,686.00* F. Supp. 2d 21 24

1

(D.D.C. 2007). (ECF No. 36). In *U.S. v. $83,686.00*, the claimant had been aware of the seizure no later than February 4, 2004. *Id*. The claimant notified the government of her interest, but had not filed her verified statement of interest until November 3, 2004, seven months later. *Id*. Additionally, the claimant never filed for an enlargement of time. *Id*.

In determining whether to accept the claimant's untimely filing of her notice of claim, the court considered the following factors:

> (i) whether the government encouraged the delay;
> (ii) the reasons proffered for the delay;
> (iii) whether the claimant has advised the Court and the government of their interest in the defendant property before the claim deadline;
> (iv) whether the government would be prejudiced by allowing the late filing;
> (v) whether the claimant timely petitioned for an enlargement of time;
> (vi) whether the claimant was properly served; and
> (vii) whether the claimant acted in good faith.

*Id.*. The Court found that in circumstances where the claimant has shown that they have acted in good faith and that there is no prejudice to the Government, the Court should give leave to the claimant. *Id*.

Here, Claimant HBA: (1) notified[1] the Government and this Court as early as July 11, 2024, when she filed her Claim in Connection with Forfeiture (ECF No. 8); (2) the Government did not encourage the delay; (3) Claimant HBA, through Claimant Sun, has on multiple occasions notified the Government and this Court of the struggles in acquiring counsel due to Claimant Sun's language barrier, the geographic differences in locations, and the limited number of Maine lawyers practicing in Federal Court; (4) the

---

[1] Claimants are aware that this Court, in its Order on Motion for Decree of Forfeiture (ECF No. 20), determined that Claimant Sun's Claim in Connection With Forfeiture (ECF No. 8) and Claimant Sun's Answer (ECF No. 9) were insufficient to qualify as a Notice of Claim on behalf of Claimant HBA as it cannot be represented *pro se*.

Government would not be substantially prejudiced if Claimant HBA were allowed the additional time to file her claim; (5) Claimant HBA has not previously filed for an enlargement of time; (6) Claimant HBA was properly served with the Complaint (ECF No. 9); and (7) Claimant HBA has at all times acted in good faith. Most importantly, as was the case in *U.S. v. $83,686.00*, the Government has not contended in the Opposition that Claimant HBA's delays are a result of bad faith. F. Supp. 2d 21, 24 (D.D.C. 2007). Unlike the claimant in *U.S. v. $83,686.00*, Claimant HBA did not have an attorney it had previously worked with who could quickly step in to file a Verified Notice of Claim. F. Supp. 2d 21 24 (D.D.C 2007). Instead, Claimant Sun, as a non-English speaking person, had to continue to search from New York for a Maine attorney who practices in Federal Court to represent Claimant HBA. Claimant Sun has acted in good faith and used her best efforts to do so and any delay should not prevent Claimant HBA from asserting its claim. Further, there is no evidence that suggests that allowing Claimant HBA to intervene would 'thwart' the purposes of 18 U.S.C. § 983(a)(4)(A) or the Supplemental Rule C(6). *U. S. v. $100,348.00,* 354 F.3d 1110 (9th Cir. 2004).

It was not until the Court's December order that it was confirmed that Claimant HBA must be represented by an attorney and that it would need to file its own Varified Notice of Claim. (ECF No. 18). Most importantly, as was the case in *United States v. $83,686.00,* F. Supp. 2d 21 24 (D.D.C 2007), the Government has not contended in the Opposition that Claimant HBA's delays are a result of bad faith nor has it established it would be substantially prejudiced by allowing Claimant HBA to intervene and maintain its claim. (ECF No. 36). It is well established that "jurisprudential preference…for [the]

3

adjudication [of claims] on the merits rather than on the basis of formalities," *Id. citing Ciralsky v. CIA,* 359 U.S. App. D.C. 366, 355 F.3d 661, 674. As stated above, there is no prejudicial effect on the Government. On the other hand, the prejudicial impact on Claimant HBA is extreme as denying the Motion would strip them of their rights to defend against the Government's action. Claimant HBA would lose the Property solely on the basis that there was a misunderstanding of the Court's orders due to the language barrier Claimant Fanny faces. This Court should use its power of discretion to prevent such injustices from occurring and protect the party's right to be heard.

WHEREFORE, for the foregoing reasons, Claimant HBA respectfully requests this Court to grant Claimant's Motion to Intervene.

Dated this 13th day of March 2025 in Portland Maine.

Respectfully Submitted,

/s/ Seth T. Russell
Bar No. 6485

/s/ Stephen M. Sweatt
Bar No. 6270

ZERILLO LAW FIRM, LLC
1250 Forest Avenue, Ste 3A
Portland, ME 04103
*seth@zerillolaw.com*
*stephen@zerillolaw.com*

Counsels for Fanny Sun and
HBA Properties, LLC

4

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>414 EAST KENNEBEC ROAD, )<br>MACHIAS, MAINE )<br>)<br>Defendant. ) | **CIVIL NO. 1:24-cv-00168-JAW** |

### CERTIFICATE OF SERVICE

I, Seth T. Russell, Esq, Counsel for Claimants Fanny Sun and HBA Properties, LLC, hereby certify that I have caused the above REPLY TO THE GOVERNMENT'S OPPOSITION TO CLAIMANT'S MOTION TO INTERVENE to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, including the Government Attorney designated under Rule G(4)(a)(ii)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated this 13th day of March 2025 in Portland Maine.

Respectfully Submitted,

/s/ Seth T. Russell
Bar No. 6485
ZERILLO LAW FIRM, LLC
1250 Forest Avenue Ste 3A
Portland, ME 04103
*seth@zerillolaw.com*

Counsel for Fanny Sun, and
HBA Properties, LLC

5