UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-00168-JAW |
| ) | |
| 414 EAST KENNEBEC ROAD, MACHIAS, ) | |
| MAINE, *with all appurtenances and* ) | |
| *improvements thereon,* ) | |
| ) | |
| Defendant In Rem, ) | |
| ) | |
| and ) | |
| ) | |
| HBA PROPERTIES, LLC, *a* ) | |
| *limited liability company* ) | |
| ) | |
| Claimant. ) | |

**ORDER ON MOTION TO INTERVENE**

A limited liability company moves to intervene as a defendant in a civil forfeiture in rem action following entry of default, asserting it has an interest in the defendant property. In line with its prior orders in this case, the court informs the movant that its corporate officer previously filed a claim on its behalf and again orders the movant to file a motion to set aside entry of default as the appropriate recourse should it wish to preserve its interest in the defendant property.

**I.   BACKGROUND**

In light of this case's complicated procedural history and its significance to resolving the present motion, the Court recounts the developments in this case from the beginning.

On May 9, 2024, the United States of America (the Government) filed a civil action in rem by virtue of a verified complaint seeking the forfeiture of the real property located at 414 East Kennebec Road in Machias, Maine (the Property) and its appurtenances and improvements pursuant to 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a), and in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, for use of the Property in commission of maintaining a drug-involved premises and drug trafficking. *Verified Compl. for Forfeiture* In Rem at 1, ¶ 1 (ECF No. 1) (*Compl.*). The complaint alleged that the owner of record of the Property is HBA Properties, LLC (HBA) and that Fanny Sun is the manager of HBA, based on records of the Secretary of State for the commonwealth of Massachusetts. *Id.* ¶¶ 3-4, 7-8.

The Government served Ms. Sun with the Notice of Forfeiture, the Verified Complaint for Forfeiture-in-Rem, and the Lis Pendens on June 7, 2024, which she formally acknowledged receiving on June 26, 2024. *Acceptance of Serv.* at 1-2 (ECF No. 9) (*Sun's Acceptance of Serv.*). On July 11, 2024, Ms. Sun, appearing pro se on behalf of HBA, filed a claim in connection with the forfeiture. *Claim in Connection with For[]feiture* (ECF No. 8) (*Sun's Claim*).

On September 9, 2024, the Government filed an affidavit regarding notice to potential claimants. *Aff. Regarding Notice to Potential Claimants* (ECF No. 13) (*Notice Aff.*). Assistant United States Attorney Andrew Lizotte confirmed that the United States posted notice on the Property on June 27, 2024, and sent notices by certified mail on June 7, 2024 to HBA and Ms. Sun, respectively. *Id.* at 2. In addition,

2

Kimberly P. Woodward, paralegal specialist with the U.S. Attorney's Office, filed a sworn declaration confirming that she had caused to be published public notice of the civil forfeiture action on the official government website, www.forfeiture.gov, between May 22, 2024 and June 20, 2024. *Decl.* at 1 (ECF No. 11). Also on September 9, 2024, the Government requested the Clerk of Court to enter a default against 414 East Kennebec Road, Machias, Maine as a defendant in rem with an affidavit in support of the request. *Req. to Enter Default* (ECF No. 12). The Deputy Clerk entered the default that same day, noting that no answer or responsive pleading had been filed. *Order Granting Mot. for Entry of Default* (ECF No. 14) (*Entry of Default Order*). The Government followed its motion for entry of default with a motion for default decree of forfeiture on October 3, 2024. *Mot. for Decree of Forfeiture* (ECF No. 16).

On October 15, 2024, Ms. Sun, as Owner and Manager of HBA, filed a pro se answer to the forfeiture complaint, asserting her status as a pro se claimant regarding HBA's interest in the Property and requesting a thirty-day adjournment of the case to allow her to retain counsel. *Answer by Def. Fanny Sun* Pro Se (ECF No. 17) (*Sun's Answer*).

In light of this unusual filing sequence, the Court issued a preliminary order on the Government's motion for a decree of forfeiture on October 18, 2024, asking the parties to clarify certain unresolved issues regarding the propriety of a default decree of forfeiture, assertion of affirmative defenses, and Ms. Sun's pro se representation on behalf of a limited liability corporation. *Prelim. Order on Mot. for Decree of Forfeiture* at 6-21 (ECF No. 18). Regarding Ms. Sun's pro se appearances, the Court

3

emphasized that pro se representation of a corporation is generally prohibited and cautioned that, unless Ms. Sun demonstrated that HBA qualified for one of the narrow exceptions, the Court is not permitted under Maine law to consider her filings on HBA's behalf. *Id.* at 21-22. The Court informed the parties that it would hold the Government's motion for default decree of forfeiture in abeyance, asked the parties to submit supplementary briefing on the questions posed, and granted Ms. Sun and HBA thirty days to retain counsel to move to set aside entry of default should they wish to preserve their interest in the Property. *Id.* at 22-23.

On November 12, 2024, the Government responded to the preliminary order, addressing the Court's concerns. *Resp. to Prelim. Order on Mot. for Decree of Forfeiture* (ECF No. 19). Ms. Sun did not respond on behalf of HBA, nor did counsel enter an appearance on HBA's behalf, within the thirty-day period prescribed in the Court's order; thus, on December 11, 2024, the Court granted the Government's motion for a default decree of forfeiture subject to the issuance of a final decree of forfeiture and asked the Government to propose a revised decree of forfeiture. *Order on Mot. for Decree of Forfeiture* (ECF No. 20). In compliance with the Court's order, the Government filed a revised proposed decree of forfeiture on December 17, 2024. *Notice Re: Decree of Forfeiture* (ECF No. 21).

However, the very next day and before the Court issued the decree of forfeiture, Attorney Stephen Michael Sweatt filed a notice of appearance on behalf of Ms. Sun and HBA (together, the Claimants), as well as a certification for admission pro hac vice of Attorney Kenneth Kangmin Ho, which the Court approved on December 18,

4

2024.[1] *Notice of Appearance of Att'y Stephen M. Sweatt as Loc. Couns.* (ECF No. 22) (*Sweatt Appearance*); *Certification for Admis. Pro Hac Vice* (ECF No. 23); *Notice of Approval* (ECF No. 24). Attorney Ho filed a notice of appearance on behalf of the Claimants and the Property on December 23, 2025. *Notice of Appearance of Att'y Kenneth K. Ho,* Pro Hac Vice (ECF No. 25) (*Ho Appearance*).

Also on December 23, 2024, Attorney Ho filed a motion on behalf of the Claimants to stay the signing of the decree of forfeiture and to set a twenty-one-day deadline for Claimants to file their motion to set aside entry of default. *Claimants Fanny Sun and HBA Props., LLC's Mot. to Stay the Signing of the Decree of Forfeiture and to Set a Deadline for Claimants to File Their Mot. to Vacate* (ECF No. 26) (*Claimants' Stay Mot.*). Recharacterizing the motion to stay as a motion for an extension of time, the Court granted the Claimants twenty-one days to file a motion to set aside entry of default against them. *See Order on Mot. to Extend Time to File Mot. to Set Aside Entry of Default* (ECF No. 46).

Separately, before the Court ruled on the motion to extend time, HBA filed a motion to intervene as an intervenor-defendant pursuant to Federal Rule of Civil Procedure 24 on February 7, 2025. *Claimant HBA Props. LLC[]'s Mot. to Intervene as an Intervenor-Def. Pursuant to Fed. R. Civ. P. 24* at 1 (ECF No. 35) (*HBA's Mot.*). Moving to intervene as of right or, alternatively, with the Court's permission, HBA

---

[1] On March 6, 2025, Attorney Ho moved to withdraw as counsel, informing the Court that he had been fired by Ms. Sun and HBA. *Mot. to Withdraw by Def.'s and Claimants' Att'y, Kenneth K. Ho* (ECF No. 37). The United States Magistrate Judge granted Attorney Ho's motion on March 10, 2025. *Order* (ECF No. 38). Subsequently, on March 13, 2025, Attorney Seth T. Russell entered an appearance on behalf of the Claimants. *Notice of Appearance of Attorney Seth T. Russell as Counsel* (ECF No. 39) (*Russell Appearance*).

5

asserts it has an interest in the Property not adequately represented by Ms. Sun, and that its motion to intervene is timely given its belief that Ms. Sun had adequately notified the Government of HBA's intent to defend its interest. *Id*. at 6.

The Government opposed HBA's motion on February 27, 2025, arguing HBA had missed its statutory deadlines and, further, that the federal rules do not permit third party intervention as a defendant in a forfeiture action in rem. *Resp. in Opp'n to Mot. to Intervene as Intervenor-Def.* (ECF No. 36) (*Gov't's Opp'n*). On March 13, 2025, HBA replied, *Claimant HBA Props. LLC's Reply to the Gov't's Opp'n to Claimant's Mot. to Intervene as an Intervenor-Def.* (ECF No. 40) (*HBA's Reply*), and submitted a claim to the Property. *Notice of Cl.* (ECF No. 41) (*HBA's Claim*). HBA further answered the complaint on March 31, 2025. *HBA Props. LLC's Answer to the Gov't's Verified Compl.* (ECF No. 45) (*HBA Answer*).

The Court issues this order to clarify the current status of the case and to resolve HBA's request to intervene as an intervenor-defendant.

## II.   LEGAL STANDARD

The First Circuit has explained that "[t]he federal forfeiture statute defines rules as to who may intervene and when they must do it. By virtue of the roots of in rem jurisdiction in admiralty law, the procedures for intervention in civil forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims." *United States v. One-Sixth Share of James J. Bulger in All Present & Future*

*Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 40-41 (1st Cir. 2003) (citation omitted).

18 U.S.C. § 983, which provides "[g]eneral rules for civil forfeiture proceedings," similarly instructs that "[i]n any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(a)(4)(A). However, the statute then adds the significant caveat: "except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." *Id.* An answer to the forfeiture complaint must be filed not later than twenty days after the filing of the claim. 18 U.S.C. § 983(a)(4)(B)

### III.  DISCUSSION

Before considering the merits of HBA's motion, the Court addresses a preliminary matter regarding the rules applicable to a forfeiture action in rem. The Government's opposition invokes Supplemental Rule C as the basis for its proffered deadlines for a claimant to file its claim, *Gov't's Opp'n* at 2; however, in both its verified complaint and publicly published notice, the Government described its case as proceeding in accordance with Supplemental Rule G. *Compl.* at 1 (stating the Government "brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure"); *Decl.*, Attach 1,

7

*Notice of Forfeiture Action* (stating "[t]he verified Claim and Answer must be filed with the Clerk of the Court . . . or default and forfeiture will be ordered" and citing "Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions").

The period for a claimant to submit a claim differs between these two Supplemental Rules. *Compare* ADMIRALTY, MARITIME CLS. SUPP. R. C(6)(a)(i) ("a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest: (A) within 14 days after the execution of process, or (B) within the time that the court allows") *with* ADMIRALTY, MARITIME CLS. SUPP. R. G(5)(a)(ii) ("Unless the court for good cause sets a different time, the claim must be filed: (A) by the time stated in a direct notice sent under Rule G(4)(b); (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site . . .."). As Supplemental Rule G specifically governs "[f]orfeiture actions in rem" whereas Supplemental Rule C governs "[in] rem actions: special provisions," and because the Government brought its claim and notified other parties that it was proceeding under Supplemental Rule G, the Court concludes Supplemental Rule G applies to this action and applies its terms and deadlines for the purposes of this motion. However, pursuant to 18 U.S.C. § 983(a)(4)(A), the Court recognizes that

8

statutorily a timely "claim may be filed not later than 30 days after the date of service of the Government's complaint."

Turning to the merits of the motion to intervene, the Court notes that HBA refers to itself in its motion as a claimant, while simultaneously insisting "it is not a party to the case." *HBA's Mot.* at 1, 8.  HBA has repeatedly characterized itself as a claimant in previous motions, *see Claimants' Stay Mot.*, and the Court has long expressed its understanding that Ms. Sun's July 11, 2024 claim was filed "on behalf of the corporate entity to note its interest in the property." *Prelim. Order on Mot. for Decree of Forfeiture* at 18; *accord Order on Mot. for Decree of Forfeiture* at 13 ("the Court is unable to accept Ms. Sun's claim, which was purportedly filed pro se on behalf of HBA").  The Court has also repeatedly referred to HBA as the Claimant in the case caption in its most recent orders.  *See Prelim. Order on Mot. for Decree of Forfeiture* at 1 (listing HBA Properties, LLC as a claimant in the case caption); *Order on Mot. for Decree of Forfeiture* at 1 (same).

Based on the record before it, the Court understands HBA, not Ms. Sun, to own the Property, and that she has thus appeared in her capacity as Manager of HBA, not individually.  *See, e.g.*, *Sun's Claim* at 1 (stating "[m]y company, HBA properties, a Massachusetts business, is listed as the Owner of Record and I am identified as Manager by the Massachusetts Secretary of State); *Sun's Answer* at 1 (Ms. Sun appearing "as Owner and Manager of HBA Properties, LLC").  Indeed, HBA expressly acknowledges the same in its present motion, writing "[o]n October 15, 2024, Claimant Sun, *as Owner and Manager of Claimant HBA*, filed a pro se Answer to the

9

Forfeiture Complaint." *HBA's Mot.* at 3 (emphasis added). The Court is thus puzzled as to why HBA now appears to assert a distinct claim from that of Ms. Sun; through her appearances as a representative of HBA, the Court understood these "claims" to be one and the same. By the Court's reckoning, HBA does not now need to move to intervene when Ms. Sun's appearance has only ever been on HBA's behalf, and an entity who has already appeared as a claimant has no apparent ground on which to move for intervention as an intervenor-defendant.

The Court's confusion extends to HBA's assertions regarding pro se representation. HBA submits that the Court, in its order on motion for decree of forfeiture, "correctly pointed out that it cannot consider the *pro se* submissions of Claimant Sun as appearances by Claimant HBA because First Circuit caselaw prohibits *pro se* representation of limited liability companies." *Id.* at 5 (citing *Order on Mot. for Decree of Forfeiture* at 13-14 (citation amended) (Claimants' emphasis)). However, HBA's takeaway that "[a]s a result, Claimant HBA's interests in the Property cannot be adequately represented by Claimant Sun" mistakes the meaning of the Court's admonition. The Court meant that Ms. Sun, as an Owner and Manager of HBA, may act for HBA solely in her managerial capacity and, since she personally has no ownership interest in the Property, she may not participate in this lawsuit as an individual. Thus, the Court intended to clarify that, under First Circuit and Maine law, with limited exceptions not applicable here, a corporation cannot be represented in court proceedings by a person not licensed to practice law. *See Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 n.2 (1st Cir. 2012) ("limited liability

10

companies, like corporations, cannot litigate pro se") (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)); 4 M.R.S. § 807(3). This issue has now been resolved with the entry of appearance of counsel for both HBA and Ms. Sun. *See Sweatt Appearance* at 1 (asking the Court to "enter [his] appearance as Local Counsel on behalf of Fanny Sun and HBA"); *Ho Appearance* at 1 (asking the Court to "enter [his] appearance, *PRO HAC VICE*, as Counsel on behalf of Fanny Sun and HBA") (Attorney Ho's emphasis); *Russell Appearance* (asking the Court to "enter [his] appearance as Counsel on behalf of Fanny Sun and HBA").

The nature of the relationship between Ms. Sun and HBA bears on HBA's requested intervention for several reasons. First, HBA claims it "would not be able to appeal against any Orders issued by this Court because it is not a party in this case." *HBA's Mot.* at 8. Second, whether Ms. Sun's actions are those of a separate claimant or attributable to HBA directly affects the determination of what HBA has done in this case and when it did so, and, thus, the Court's evaluation of good cause for HBA's requested relief.

As explained, the Court has long understood Ms. Sun and HBA to be asserting the same claim based on HBA's ownership of the Property and Ms. Sun's role as an officer of HBA. Indeed, this understanding has been confirmed, most recently, by HBA's March 13, 2025 Notice of Claim, in which Ms. Sun again makes a claim "[o]n behalf of HBA," this time properly filed through Attorney Russell. *HBA's Claim*. This affects the Court's consideration of the present motion in the following ways: the Court attributes Ms. Sun's earlier filings "on behalf of HBA," despite being deficiently

filed by Ms. Sun acting pro se, to HBA as a claimant and, as such, looks to the record to determine what actions, and when, Ms. Sun took to assert HBA's claim.

As described, Ms. Sun filed a pro se claim on behalf of HBA on July 11, 2024, *Sun Claim*, and a pro se answer on October 15, 2024. *Sun Answer*. Under 18 U.S.C. § 983(a)(4)(A), in a civil forfeiture proceeding, a "claim may be filed not later than 30 days after the date of service of the Government's complaint." In the Government's affidavit regarding service, it avers Ms. Sun, in her capacity as manager of HBA, accepted service of copies of the complaint, notice of forfeiture, and a copy of the lis pendens on this matter on June 27, 2024. *Notice Aff.* at 2 (citing *Sun's Acceptance of Serv.*). Thus, HBA's claim was due to be filed with the Court by July 29, 2024, such that Ms. Sun's July 11, 2024 claim on behalf of HBA was filed within the required timeline. *Sun's Claim*. In contrast, however, 18 U.S.C. § 983(a)(4) requires a claimant's answer be filed within twenty days of filing its claim, 18 U.S.C. § 983(a)(4)(B); here, Ms. Sun's October 15, 2024 answer on behalf of HBA was filed ninety-six days after her claim. *Sun's Answer*.

In its October 18, 2024 preliminary order, the Court informed Ms. Sun and HBA that the Court is unable to accept pro se filings on behalf of a corporate entity and ordered HBA to retain counsel and "[s]hould it wish to retain its interest in the property . . . to file a motion to set aside default by November 18, 2024." *Prelim. Order on Mot. for Decree of Forfeiture* at 22. When HBA failed to do so in the time contemplated in the preliminary order, the Court granted the motion for default judgment subject to the issuance of a final decree of forfeiture. *Order on Mot. for Decree of Forfeiture*. Since the Court's order, HBA engaged counsel who has filed a

12

motion to extend time to file a motion to vacate and to stay signing of the decree of forfeiture, its present motion to intervene, a revised claim, and an answer. *See Claimants' Stay Mot.*; *HBA's Mot.*; *HBA's Claim*; *HBA's Answer*. HBA has yet to file, though, the motion the Court has specifically stated is necessary to retain its interest in the Property: a motion to set aside entry of default.

In light of the foregoing, the Court concludes the following path forward is appropriate. As provided in the order on motion to extend time to file motion to set aside entry of default, the Court permits HBA twenty-one days from the date of that order to file a motion to set aside the entry of default. The Court directs HBA, in that motion, to articulate the bases for its claim to the Property and for its noncompliance with the Supplemental Rule G deadlines. Should HBA provide adequate legal justification for its claim and delayed responsive filings, the Court may conclude its requested vacatur of the entry of default is warranted and, in so doing, revitalize Ms. Sun's earlier claim on behalf of HBA. Should the Court reach this outcome, HBA's assertion that "it is not a party to the case" would be incorrect and its request to intervene functionally mooted because it would be recognized as a claimant with an interest in the Property. The Court concludes this outcome aligns with the process contemplated by Supplemental Rule G, which says nothing about intervening as a defendant in a forfeiture action against a defendant in rem but does permit third-party intervention through "filing a claim" within the prescribed timelines "[u]nless the court for good cause sets another time." ADMIRALTY, MARITIME CLS. SUPP. R. G(5).

13

## IV.  CONCLUSION

The Court DISMISSES without prejudice HBA Properties, LLC's Motion to Intervene as an Intervenor-Defendant Pursuant to Federal Rule of Civil Procedure 24 (ECF No. 35).

Further, if Ms. Sun and HBA wish to challenge the entry of default in this case, the Court ORDERS Ms. Sun and HBA either to file or not to file a motion to set aside entry of default within twenty-one days of the publication of the Order on Motion to Extend Time to File Motion to Set Aside Entry of Default (ECF No. 46).  If they do so, the Court will address the merits of their motion to set aside.  If they fail to do so, the Court will proceed with the Government's pending motion for default judgment on the entry of default.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2025